IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN WAYNE SMITH, #1518707, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0703-L |
| | § | |
| KAUFMAN COUNTY SHERIFF'S | § | |
| OFFICE, et al., | § | |
|     Defendants. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for screening. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Plaintiff Justin Wayne Smith is currently confined at the Clemens Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Brazoria, Texas. Defendants are the Kaufman County Sheriff's Office, Sheriff David A. Byrnes, Dr. William J. Fortner, Captain Lori Compton, and Registered Nurse Cindy Martinez.

The complaint alleges Defendants were deliberately indifferent to Plaintiff's serious medical needs stemming from his ulcerative colitis, which ultimately resulted in the removal of the large intestine through a procedure known as "Brooke Ileostomy." Plaintiff asserts that the

removal of his large intestine has left him disabled for the remainder of his life.  He requests compensatory and punitive damages.

The court did not issue process in this case, pending preliminary screening.  On April 8, 2010, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on April 21, 2010, along with a second motion to appoint counsel.

Because the court granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A, which provides in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

Any claim against the Kaufman County Sheriff's Office is subject to dismissal at the screening stage.  It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity).  A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient

2

agency with jural authority . . . ." *Id.*

Plaintiff cannot show that the Kaufman County Sheriff's Office has ever been granted the capacity to sue or be sued.  As such, it should be dismissed with prejudice as frivolous.

Accepting as true Plaintiff's claims with respect to the remaining defendants, the court concludes that Plaintiff has arguably raised claims of deliberate indifference to a serious medical need cognizable under 42 U.S.C. § 1983.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (to state a colorable claim under the Eighth Amendment, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs."); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999) (applying same standard under the Due Process Clause of the Fourteenth Amendment to pretrial detainees who complain of episodic acts or omissions resulting in the denial of medical care).  It is not clear from Plaintiff's pleadings whether the two-year statute of limitations may bar in whole or in part some of Plaintiff's claims.  *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citing *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (*sua sponte* dismissal on limitations grounds is appropriate only "if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.").  Therefore, service of process should issue on Plaintiff's medical care claims.

Plaintiff has renewed his request for appointment of counsel.  (*See* Doc. # 13.)  A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law.  *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  The court has considered the substantial burden and limitations placed on Plaintiff as a result of the

ileostomy bag, and the recent, permanent injury to Plaintiff's dominant hand, which has forced him to rely on prison writ writers. However, Plaintiff has not shown that his case presents complex issues, or that he lacks the ability to adequately present and investigate the case. *See Ulmer*, 691 F.2d at 212 (listing factors to be considered in appointing counsel). Therefore, the motion for the appointment of counsel should be denied without prejudice to it being reasserted after service of process and the filing of an answer or other pleading by the Defendants.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the Kaufman County Sheriff's Office be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and that service of process be ISSUED as to the remaining defendants. The clerk's office should be directed to prepare summons for each of the remaining defendants (to be served at the Kaufman County Law Enforcement Center, 1900 E. US Hwy. 175, P.O. Drawer 849, Kaufman, Texas 75142), and to forward the same to the U.S. Marshal's Office for service of process.

It is further recommended that Plaintiff's motion to appoint counsel (Doc. # 13) be DENIED without prejudice to it being reasserted after service of process and the filing of an answer or other pleading by the Defendants.

Signed this 28th day of April, 2010.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

       A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.