**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JUSTIN WAYNE SMITH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-703-L** |
| | § | |
| **KAUFMAN COUNTY SHERIFF,** | § | |
| **DAVID A. BYRNES**, *et al.,* | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendants David A. Byrnes, Cindy Martinez, and Lori Compton's Motion for Summary Judgment (Doc. 46), filed July 19, 2011; Defendant William J. Fortner, M.D.'s Motion for Summary Judgment (Doc. 61), filed August 26, 2011; and the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), entered on December 14, 2011, recommending that the motions for summary judgment be granted in part and denied in part. After a careful review of the pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants in part** and **denies in part** Defendants David Byrnes, Cindy Martinez, and Lori Compton's Motion for Summary Judgment; and **grants in part** and **denies in part** Defendant William J. Fortner, M.D.'s Motion for Summary Judgment.

## I.      Background

Plaintiff Justin Wayne Smith ("Smith" or "Plaintiff") brought this action against the Kaufman County Sheriff's Office,[1] Kaufman County Sheriff David A. Byrnes ("Byrnes"), Kaufman County Sheriff's Office Medical Provider William J. Fortner ("Fortner"), Kaufman County Sheriff's Office Captain Lori Compton ("Compton"), and Kaufman County Sheriff's Office Registered Nurse Cindy Martinez ("Martinez") (collectively "Defendants") on April 7, 2010, pursuant to 42 U.S.C. § 1983 for Defendants' alleged indifference to Smith's serious medical needs while incarcerated in the Kaufman County Jail in 2008, and for unconstitutional conditions of confinement. The case was referred to Magistrate Judge Renee Harris Toliver for pretrial management on June 29, 2010.

## II.     The Magistrate Judge's Recommendation

The magistrate judge determined that Smith's claims against Byrnes allege "unconstitutional conditions of confinement," while his claims against the remaining Defendants are based on "particular episodes or omissions." Report 21. The magistrate judge therefore applied two different standards in analyzing the claims asserted against Byrnes and the other Defendants.

### A.      Byrnes

With regard to Byrnes, the magistrate judge concluded that Smith had presented sufficient evidence to withstand Byrnes's motion for summary judgment as to Smith's claim based on unconstitutional conditions of confinement. She also concluded that Byrnes was not entitled to qualified immunity because he was sued in his official capacity rather than in his individual capacity. The court notes that it is clear from the record that Byrnes was sued as Sheriff of Kaufman County, Texas, and thus sued in his official capacity. The magistrate judge correctly concluded that

---

[1]Kaufman County Sheriff's Office is no longer a party to this action. The claims against Kaufman County Sheriff's Office were dismissed by the court on May 18, 2010. (Doc. 17).

**Memorandum Opinion and Order – Page 2**

Byrnes was not entitled to qualified immunity because a person sued in his official capacity is not entitled to assert the defense of qualified immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citation omitted).

### B.    Martinez

The magistrate judge concluded that Martinez was entitled to summary judgment on Smith's claims based on confiscation of Plaintiff's sulfasalazine, scheduling delays, and failure to monitor Plaintiff after his first hospitalization and surgery.   As to Smith's claim that Martinez failed to monitor him from January to February 2008, and allow him to see Dr. Fortner, the magistrate judge concluded that Smith had presented sufficient evidence to satisfy the deliberate indifference standard at the summary judgment stage, and, as a result, Martinez was not entitled to summary judgment.

### C.    Fortner

With regard to Fortner, the magistrate judge rejected Fortner's statute of limitations argument as to the timeliness of Smith's action.   The magistrate judge also concluded that Fortner was not entitled to summary judgment as to Smith's claim based on Fortner's availability from January 2, 2008, through February 14, 2008, because the evidence presented by Smith raised a genuine dispute of material fact as to "whether Plaintiff's access to Dr. Fortner was as readily available as Dr. Fortner contends."  Report 48.  The magistrate judge similarly concluded that a genuine dispute of material   fact exists as to Smith's claim that Fortner failed to monitor him after his first hospitalization.  The magistrate judge, however, concluded that Fortner was entitled to summary judgment on Smith's claim that Fortner failed to ensure that he timely had a colonoscopy, as the evidence did not support a finding that Fortner acted with deliberate indifference or that he was personally responsible for this delay.

### D.      Compton

Finally, with regard to Compton, the magistrate judge concluded that Smith's claims against Compton should be dismissed.  The court agrees that Plaintiff's claims against Compton should be dismissed.

## III.     Applicable Standards

To ensure that its ruling is understood in the proper context, the court believes that standards applicable to summary judgment, deliberate indifference, and qualified immunity should be set forth. Accordingly, the court sets forth the standards for each.

### A.      Summary Judgment

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### B.        Deliberate Indifference

Both pretrial detainees and convicted inmates are entitled to and may not be denied medical care. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) *(en banc)*. To prevail on a claim for denial of medical care, the pretrial detainee must show that the state jail official or officer "had subjective knowledge of a substantial risk of serious harm to [him] but responded with deliberate indifference to that risk." *Id.* "Deliberate indifference" in prison cases occurs when "an official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This same standard is also used to measure jail officials' liability as to pretrial detainees. *Hare*, 74 F.3d at 643.

Deliberate indifference requires a higher degree of fault than negligence, or even gross negligence. *Id.* at 645. Negligent inaction by jail personnel does not rise to the level of deliberate indifference. *Id.* "[T]he constitutional standard of conduct must step up from negligence – that [is] it must be more than mere or even gross negligence." *Id.* The terms "gross negligence" and "deliberate indifference" are sometimes confused and interchanged; however, "deliberate indifference" is a stricter standard. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (*en banc*). "Gross negligence" is a heightened degree of negligence, whereas "deliberate indifference" is a "lesser form of intent." *Id.* at n.7 (citation omitted). As the Fifth Circuit aptly stated:

> To act with deliberate indifference, a state actor must know [ ] of and disregard [ ] an excessive risk to [the victim's] health or safety. The state actor's actual knowledge is critical to the inquiry. A state actor's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, does not rise to the level of deliberate indifference.

*McClendon v. City of Columbia*, 305 F.3d 314, 326 n.8 (5th Cir. 2002) (*en banc*) (internal quotation marks and citations omitted).  Deliberate indifference "describes a state of mind more blameworthy than negligence," but "it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835.

Denying or delaying access to medical care can constitute deliberate indifference to the medical needs of an inmate, as can interfering with treatment once it is prescribed. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see, e.g., Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). To establish deliberate indifference to his medical needs, a plaintiff must show that the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  An incorrect diagnosis by medical personnel or medical malpractice does not amount to deliberate indifference.  *Id.*

### C.    Qualified Immunity

In deciding a dispositive motion that raises the defense of qualified immunity, the Supreme Court initially set forth a mandatory two-part inquiry for determining whether a government official was entitled to qualified immunity.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Under *Saucier*, a court must determine first whether the facts alleged or shown are sufficient to make out a violation of a constitutional or federal statutory right.  If the record sets forth or establishes no violation, no further inquiry is necessary.  On the other hand, if the plaintiff sufficiently pleads or establishes that a violation could be made out, the court must determine whether the right at issue was clearly

established at the time of the government official's alleged misconduct.  *Id.*  The Court relaxed this mandatory sequence in *Pearson v. Callahan*, 555 U.S. 223-36 (2009), and stated, "[W]hile the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory," and judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.* at 236.  The second prong of the test "is better understood as two separate inquiries: whether the allegedly violated constitutional right[] [was] clearly established at the time of the incident; and if so, whether the conduct of the defendant[] [official] was objectively unreasonable in light of then clearly established law."  *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (internal quotation marks and citations omitted); *see also Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Hare v. City of Corinth,* 135 F.3d 320, 326 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996).

Ordinarily, one who pleads an affirmative defense must establish his entitlement to such defense.  In the context of qualified immunity, however, this burden varies from the norm.  In this circuit, the rule is as follows:

> Where . . . [a] defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.  We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs.

*Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (internal quotations and citations omitted); *see also Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

**Memorandum Opinion and Order – Page 8**

A right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that his conduct violated the right in issue, not merely that the conduct was otherwise improper.  *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987); *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994).  Thus, the right must not only be clearly established in an abstract sense but in a more particularized sense so that it is apparent to the official that his actions [what he is doing] are unlawful in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. at 640; *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir. 1998); and *Pierce v. Smith*, 117 F.3d at 871.

In *Anderson*, 483 U.S. at 641, the Court refined the qualified immunity standard and held that the relevant question is whether a reasonable officer or public official *could have believed* that his conduct was lawful in light of clearly established law and the information possessed by him.  If public officials or officers of "reasonable competence could disagree [on whether the conduct is legal], immunity should be recognized."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (*citing Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). Qualified immunity is designed to protect from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. at 341.  Conversely, an official's conduct is not protected by qualified immunity if, in light of clearly established pre-existing law, it was apparent the conduct, when undertaken, would be a violation of the right at issue.  *Foster*, 28 F.3d at  429.  To preclude qualified immunity, it is not necessary for a plaintiff to establish that "the [specific] action in question has previously been held unlawful."  *Anderson*, 483 U.S. at 640.  For an official, however, to surrender qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated,

reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Pierce v. Smith*, 117 F.3d at 882; *Stefanoff v. Hays County*, 154 F.3d at 525.

## IV.     Objections by Fortner, Byrnes, and Martinez

Fortner filed objections to the Report on December 28, 2011. Byrnes and Martinez also jointly filed objections on December 22, 2011, and supplemented their objections on December 28, 2011. Smith responded separately to the objections on January 5, 2012, and January 11, 2012, but did not file any objections to the Report. Each Defendant's objections are summarized below.

### A.     Objections by Byrnes and Martinez

Byrnes and Martinez contend that the written policies of Kaufman County Jail that existed at the time of Smith's incarceration "provided for more than adequate care of inmates" and there is no evidence the policies were not followed or that Smith's requests for medical care were routinely denied. Byrnes/Martinez Objections 3 and 5. Byrnes and Martinez assert that the evidence before the court is insufficient to establish "a pattern of acts or omissions by jail officials" or a "persistent, widespread practice." *Id.* at 4. Byrnes and Martinez further assert that the record does not support the magistrate judge's conclusion that the policies of the jail were applied to Smith "during the five-month course of his ulcerative colitis flare." *Id.* Additionally, Byrnes and Martinez argue that the magistrate judge improperly concluded that there is sufficient evidence of Martinez's deliberate indifference. Byrnes and Martinez contend that the magistrate judge failed to take into account or address certain evidence. In their supplemental objections, Byrnes and Martinez also contend based on *Estate of Henson v. Krajca*, No. 09-10881, 2011 WL 3913615 (5th Cir. Sept. 7, 2011), that Martinez did not act with deliberate indifference with respect to her treatment of Smith from January 2, 2008, to February 14, 2008.

Defendants Byrnes and Martinez misconstrue the magistrate judge's Report.  The magistrate judge merely recommended that summary judgment was not appropriate on some claims.  In other words, she recommends, and the court agrees, that sufficient facts have been raised to withstand summary judgment on some of Smith's claims, as much of this case turns on assessing the credibility of witnesses and the weighing of the evidence, neither of which the court can do at the summary judgment stage.  Based on the record, with respect to those claims that the magistrate judge recommends that summary judgment be denied, a reasonable jury could find that Martinez's conduct amounted to deliberate indifference and that her conduct was not objectively reasonable.[2] On the other hand, a reasonable jury could find that Martinez's conduct did not amount to deliberate indifference and that it was objectively reasonable.

The statement of Defendants Byrnes and Martinez that "the Recommendation [of the magistrate judge] would have it that the county and Nurse Martinez further compensate Smith for the pain and discomfort experienced as a result of his pre-existing disease that was cured while in the custody of Kaufman County" misses the mark.  This statement is nothing more than a dig directed at the magistrate judge and offers no cogent legal analysis of the issues presented.  Further, that Kaufman County spent more than $260,000 for Smith's outside medical care, plus overtime pay for two deputies to accompany him during hospital stays, is quite beside the point and does nothing to assist the court in determining whether Martinez acted with deliberate indifference or whether her conduct was objectively reasonable.  This court is simply saying that a trial is necessary to resolve

---

[2]As the authority cited herein clearly shows that the right of a pretrial detainee not to be denied medical care was a clearly established constitutional right at the time Plaintiff was incarcerated at the Kaufman County Jail, the court focuses on the objective reasonableness of Defendants' conduct in determining whether they are entitled to qualified immunity.

**Memorandum Opinion and Order – Page 11**

some of Smith's claims.  This, of course, in no way intimates whether he will prevail at trial and ultimately receive some type of compensation.

After careful review of the objections asserted by Byrnes and Martinez, the court determines that they are without merit.  The record reflects that all of the evidence was considered, and the record *as a whole* supports the magistrate judge's conclusions.  These Defendants attempt to cherry-pick the record, which takes matters out of context, does not tell the whole story, and results in erroneous conclusions.  Indeed, if the facts were as clear-cut and undisputed as these Defendants assert, the court would have no pause in ruling in their favor on all claims, but the entire record tells a different story.  The court is convinced that the record raises genuine disputes of material fact with respect to those claims on which the magistrate judge recommended against granting summary judgment.  In other words, on these claims, a reasonable jury could find on the evidence presented, or from reasonable inferences, that Martinez acted with deliberate indifference to Smith's serious medical needs.  The court further determines that *Estate of Henson v. Krajca* is factually distinguishable from the present case and inapplicable, as the acts and omissions of the nurse in *Krajca* amounted only to medical malpractice and are not comparable to what occurred in this case. The court therefore **overrules** the objections by Byrnes and Martinez.

### B.     Objections by Fortner

Fortner objects to the magistrate judge's determination that: (1) Smith's claim against him was timely filed based on the continuous tort or violation doctrine; (2) Fortner's action after Smith's return to jail on April 11, 2008, could amount to deliberate indifference; and (3) Smith produced sufficient evidence of a constitutional violation.  Fortner contends that at most, Smith's evidence only supports a claim for medical negligence.  Fortner also asserts that the magistrate judge ignored

several critical facts.  Fortner argues that the magistrate judge's reliance on *McDonald v. Dallas County*, 2008 WL 918286 (N.D. Tex. 2008), is misguided because he was a contract physician and there is no evidence Smith ever personally asked Fortner for medical care that was refused, or that Fortner failed to monitor Smith's condition.  Fortner contends that Smith's evidence amounts to no more than an "abundance of broad, unsupported accusations and assumptions by Smith," and Smith's inability to segregate alleged acts of indifference by Fortner from the other Defendants does not trigger section 1983 liability.  Fortner maintains that Smith has failed to establish that Fortner himself was deliberately indifferent to Smith's medical needs.

The court disagrees.  Smith presented sufficient evidence to raise genuine disputes of material fact to survive summary judgment.  The court finds it unnecessary to restate the relevant portions of the Report.  In addition to the factual evidence set forth in the record that raises genuine disputes of material fact as to those claims the magistrate judge recommended against granting summary judgment, the declaration of Dr. Robert M. Jacobson, a board certified colon and rectal surgeon at Baylor Medical School in Dallas, Texas, and an expert on behalf of Smith, sets forth in two separate paragraphs the obvious risk of harm that existed to Smith's health on January 2, 2008, when he was seen by Dr. Fortner.  Although part of the declaration appears to speak in terms of medical malpractice or inadequate medical care, the court determines that the professional opinion of Dr. Jacobson provides additional evidence on the issue of deliberate indifference and the objective reasonableness of Dr. Fortner's conduct with respect to those claims on which the magistrate judge recommends that summary judgment not be granted.  Moreover, no Defendant presented any testimony from a medical expert.  Based on its *de novo* review of the record, and its review of the

**Memorandum Opinion and Order – Page 13**

Report and applicable law, the court further determines that Fortner's remaining objections are similarly without merit and **overrules** them.

## V.      Conclusion

After independently reviewing the pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court therefore **overrules** the objections by Fortner, Byrnes, and Martinez. Accordingly, the court **grants in part and denies in part** Defendants David Byrnes, Cindy Martinez, and Lori Compton's Motion for Summary Judgment; and **grants in part** and **denies in part** Defendant William Fortner, M.D.'s Motion for Summary Judgment.

In light of the court's ruling, it **dismisses with prejudice** all claims against Lori Compton; **dismisses with prejudice** Plaintiff's claims against Cindy Martinez based on confiscation of his sulfasalazine, scheduling delays, failure to monitor Plaintiff after his first hospitalization, and failure to monitor Plaintiff after his surgery; and **dismisses with prejudice** Plaintiff's claim against William J. Fortner based on failure to ensure that Plaintiff timely had a colonoscopy.  Plaintiff's claims based on (1) Martinez's failure to monitor him in January and February 2008 and to allow him to see Dr. Fortner; (2) Fortner's conduct from January 2, 2008, through February 14, 2008; and (3) Fortner's failure to monitor Plaintiff's after his first hospitalization all remain for trial because genuine disputes of material fact exist as to whether Martinez and Fortner acted with deliberate indifference, and whether their conduct was objectively reasonable under the circumstances.  Further, as Byrnes is sued in his official capacity, Plaintiff's claims of unconstitutional conditions of confinement, or unconstitutional policies or customs, remain for trial.

The court notes that Plaintiff's *pro se* complaint was never amended to "clean up" or clarify the pleadings.  The court believes that an amended pleading would clarify Plaintiff's claims and theories of recovery, and avoid any confusion of the claims asserted.  Accordingly, the court **determines** that good cause exists to modify the deadline for amendment of pleading and **directs** Plaintiff to file an amended pleading by **March 29, 2012**.  *Plaintiff may not plead new claims or new theories of recovery*.  Defendants may file an answer no later than **April 13, 2012**.  *Defendants may not assert new defenses or make new requests in their answers*.

Now that the court has ruled on the motions for summary judgment, this case should be set for trial if it is not resolved.  The court believes that a settlement conference is appropriate and **orders** the parties to participate in a settlement conference before Magistrate Judge Renee Harris Toliver.  The conference shall take place by **April 30, 2012**.  If the case cannot be resolved, the court will promptly set it for trial.

**It is so ordered** this 14th day of March, 2012.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 15**